IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-173-BO-RJ

REBECCA DROBERG and MICHAEL )
DROBERG, individually and on behalf of )
their minor child, S.D., )
)
              Plaintiffs, )
)
v. )     **ORDER**
)
CARTERET COUNTY BOARD OF )
EDUCATION, )
)
              Defendant. )

This cause comes before the Court on defendant's motion to dismiss plaintiffs' amended complaint. [DE 21]. Plaintiffs have responded and the time for filing a reply has expired. Also pending is defendant's motion to expedite a decision on its motion to dismiss [DE 25], to which plaintiffs have responded in opposition. A hearing on the motions was held before the undersigned on September 12, 2025, at Elizabeth City, North Carolina and, in this posture, both motions are ripe for disposition. For the reasons that follow, the motion to dismiss the amended complaint is granted in part and denied in part and the motion to expedite is denied as moot.

## BACKGROUND

In their amended complaint, plaintiffs seek a declaratory judgment, injunctive relief, equitable relief, and compensatory damages. [DE 16]. Plaintiffs' claims are based on defendant's alleged breach of a settlement agreement entered into by the parties on August 28, 2023, which resolved plaintiffs' Individuals with Disabilities Education Act (IDEA) due process complaint. Plaintiffs further allege that defendant has engaged in retaliatory and discriminatory conduct

against them based on S.D.'s disability and plaintiffs' advocacy on his behalf in violation of both Section 504 of the Rehabilitation Act (Section 504) and Title II of the Americans with Disabilities Act (ADA). Plaintiffs bring the following claims for relief: enforcement of settlement agreement under 20 U.S.C. § 1415 (Count I), breach of settlement agreement or breach of contract under state law (Count II), breach of the implied covenant of good faith and fair dealing under state law (Count III), for a declaratory judgment under 28 U.S.C. § 2201 (Count IV), retaliation in violation of Section 504 and the ADA (Count V), and discrimination in violation of Section 504 and the ADA (Count VI).

In support of their claims, plaintiffs allege as follows. S.D. is a child with a disability as defined by the IDEA and state law, as well as a handicapped person and a qualified individual with a disability under Section 504 and the ADA. S.D. has been diagnosed with, among other things, Down syndrome and autism spectrum disorder. Defendant developed S.D.'s first Individualized Education Program (IEP) in March 2017 when he was a preschool student. S.D.'s parents have consistently advocated for S.D.'s inclusion with his non-disabled peers in school. [DE 16] ¶¶ 13-18.

In February 2023, S.D.'s mother, plaintiff Rebecca Droberg, filed a *pro se* due process petition against defendant in the state Office of Administrative Hearings (OAH). This petition was based on, among other things, her allegation that defendant had failed to provide consistent instructional support, failed to develop a behavior intervention plan, and failed to assign a new special education teacher to S.D. following his assigned teacher's use of an aversive procedure. *Id.* ¶¶ 22-32. Under N.C. Gen. Stat. § 115C-109.4, there are three options for mediating special education disputes. First, a mediator can be provided at no cost to the parties; second, the State will provide an Administrative Law Judge (ALJ) to conduct a settlement conference at no cost to

the parties; and third, the parties can privately mediate and bear the costs. *Id.* ¶ 37. After an unsuccessful mediation attempt with a mediator assigned by the North Carolina Department of Public Instruction, Ms. Droberg filed a second amended petition in June 2023, which restarted the resolution period. *Id.* ¶¶ 33-34.

In August 2023, the parties entered into a settlement agreement to resolve Ms. Droberg's claims related to the denial of a free appropriate public education (FAPE) to S.D. *Id.* ¶ 41; [DE 16-1]. As part of the settlement agreement, the 2023 due process petition was dismissed. *Id.* ¶ 87. S.D. started school on September 5, 2023, on a modified schedule, and began attending full days on November 27, 2023. *Id.* ¶ 45.

As is outlined in the instant complaint, plaintiffs allege that defendant has violated the terms of the settlement agreement in a number of ways. *Id.* ¶ 46-86. Plaintiffs further allege that defendant retaliated and discriminated against plaintiffs when Dr. Boyd, the Exceptional Children's Director for the Carteret County Board of Education, inserted herself into S.D.'s IEP meetings so that she would have the authority to make the final decisions regarding S.D.'s IEP, and by further refusing to consider S.D.'s progress throughout the school year. *Id.* ¶¶ 92-115.

On August 30, 2024, plaintiffs filed a petition for contested case hearing in the OAH alleging violations of the IDEA. *Id.* ¶ 116. Defendant moved to partially dismiss, or for partial summary judgment of, the petition. *Id.* ¶ 119. Plaintiffs filed an amended petition on October 21, 2024, and the parties were assigned a mediator by the Department of Public Instruction on October 14, 2024. The parties attempted to mediate but were unsuccessful. *Id.* ¶ 129.

Plaintiffs filed a motion for declaratory judgment on the issue of jurisdiction, which was promptly denied after the ALJ determined he did not have jurisdiction to issue declaratory decisions. *Id.* ¶ 131. Plaintiff then filed a motion to bifurcate the hearing so that issues related to

3

the settlement agreement would be determined first. Defendant then filed a motion to dismiss the claims related to the settlement agreement for lack of jurisdiction. After the ALJ heard argument on the motion, the ALJ granted the motion to dismiss and dismissed two of plaintiffs' claims, specifically their claims as to whether defendant had implemented the terms of the August 2023 settlement agreement and whether defendant had misrepresented to plaintiffs its intent to comply with the August 2023 settlement agreement. *Id.* ¶¶ 132-133. Plaintiffs moved to continue the due process hearing so they could challenge the dismissal of their claims related to the settlement agreement; they noticed an appeal of the dismissal on December 2, 2024. The following day, the ALJ issued an automatic stay of the proceeding under N.C. Gen. Stat. § 1-294. *Id.* ¶¶ 135-137.[1]

In addition to filing a notice of appeal on December 2, 2024, plaintiffs also commenced this action. [DE 1]. Defendant filed a motion to dismiss, after which plaintiffs filed an amended complaint. [DE 12]; [DE 16]. Defendant has moved to dismiss the amended complaint, and its motion to dismiss the original complaint was dismissed as moot. [DE 21]; [DE 24]. Defendant has also filed a motion for expedited decision on its motion to dismiss the amended complaint. Defendant argues that a hearing and decision on the merits of S.D.'s educational services has been pending for nearly one year in the administrative action due to the stay. Defendant argues that what has amounted to an indefinite "stay put" is harmful to both S.D. and defendant.

---

[1] A person may appeal an ALJ's decision at the OAH level to the State Board of Education which, "through its Exceptional Children Division, appoints an SRO [State Review Officer] to review the ALJ's [Administrative Law Judge's] findings appealed and issue an independent decision." *E.L. ex rel. G.L. v. Chapel Hill-Carrboro Bd. of Educ.*, 975 F. Supp. 2d 528, 532 (M.D.N.C. 2013) (citing N.C. Gen. Stat. § 115C-109.6). Following a decision by the SRO, a person has ninety days within which to file suit in federal court. 20 U.S.C. § 1415(i)(2)(B).

## DISCUSSION

Defendant seeks dismissal both for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1); 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual

allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### A. Declaratory Judgement Act (Count IV)

The Court first considers plaintiffs' Declaratory Judgment Act claim. Plaintiffs seek a declaratory judgment that the OAH has jurisdiction to decide claims related to enforcement of a settlement agreement. [DE 16] ¶ 179. The Declaratory Judgment Act permits, but does not require, a court, "[i]n a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Declaratory Judgment Act is procedural and does not extend a federal court's jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Capitol Broad. Co., Inc. v. City of Raleigh, N. Carolina*, 104 F.4th 536, 540 (4th Cir. 2024). In deciding whether to consider relief under the Declaratory Judgment Act, courts consider comity, federalism, and efficiency, as well as "when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937)).

Assuming, without deciding, that plaintiff's Declaratory Judgment Act claim is not an improper interlocutory appeal, the Court, in the exercise of its discretion, declines to consider entering relief. The Court agrees with defendant that plaintiffs' Declaratory Judgment Act claim

is, at bottom, seeking a declaration that the ALJ's decision to dismiss plaintiffs' settlement enforcement claims for lack of jurisdiction was in error. Plaintiffs have appealed this issue, and further have represented that rulemaking proceedings are in process regarding whether ALJ's do or should have jurisdiction to consider the enforcement of settlement agreements. *See* [DE 29-1]. Accordingly, in the interest of comity and efficiency, the Court declines to entertain plaintiffs' Declaratory Judgment Act claim. This claim is dismissed for lack of subject matter jurisdiction. *See Hogs & Heroes Found. Inc. v. Heroes, Inc.*, 202 F. Supp. 3d 490, 498 (D. Md. 2016).

**B. Enforcement of settlement agreement and breach claims (Counts I-III)**

Plaintiffs' next set of claims directly concern the settlement agreement. In Count I, plaintiffs seek to enforce the 2023 settlement agreement under 20 U.S.C. § 1415(e)(2)(F)(iii), which provides that agreements resolving IDEA disputes that are reached through the mediation process described in § 1415(e) are enforceable in both state and federal court. Plaintiffs have also filed state law claims regarding the settlement agreement. Defendant argues that plaintiffs cannot seek enforcement of the 2023 settlement agreement in this Court because the settlement agreement was not reached as a part of formal IDEA mediation, but rather was reached after a settlement conference following two failed mediations with the Department of Public Instruction. *See Lara v. Lynwood Unified Sch. Dist.*, No. CV08-04616RGKFFMX, 2009 WL 2366454, at *2 (C.D. Cal. July 29, 2009) ("Several courts have recognized that, according to its plain language, IDEA does not confer jurisdiction on federal district courts to enforce settlement agreements that are not made in IDEA mediations or resolution sessions.") (listing cases).

The Court agrees. A federal district court has jurisdiction to enforce a settlement agreement "pursuant to 20 U.S.C. §§ 1415(e) and (f) only if the parties reached the settlement as part of a formal IDEA mediation or at a statutorily-defined resolution meeting." *S.C. v. Huntsville City Sch.*,

7

441 F. Supp. 3d 1228, 1236 (N.D. Ala. 2020). Here, defendant has persuasively argued that the settlement agreement was not reached as part of formal IDEA mediation or a resolution meeting as defined by the IDEA. While North Carolina provides for other avenues of mediation, N.C. Gen. Stat. § 115C-109.4(i), that is not sufficient to confer subject matter jurisdiction on this Court. And while plaintiffs have argued that the settlement agreement itself provides that it is enforceable in federal district court, [DE 33] at 33, parties may not stipulate to a federal district court's jurisdiction where there otherwise is none. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Plaintiffs' IDEA settlement agreement enforcement claim is properly dismissed for lack of subject matter jurisdiction.

In Counts II and III, plaintiffs allege state law breach of contract and breach of the implied covenant of good faith and fair dealing claims arising from the alleged breach of the 2023 settlement agreement. As state law claims, the Court may exercise supplemental jurisdiction over these claims to the extent they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).

Here, as is discussed more fully below, plaintiff's Section 504 and ADA retaliation claim and Section 504 and ADA discrimination claim, to the extent it seeks compensatory damages, will not be dismissed. Defendant's alleged breach of the settlement agreement forms the basis of plaintiff's Section 504 and ADA claims, and the Court will thus exercise supplemental jurisdiction over the state law contract claims.

## C. Section 504 and ADA retaliation and discrimination (Counts V-VI)

### (1) *Failure to exhaust Count VI*

8

Defendant moves to dismiss plaintiffs' Section 504 and ADA discrimination claim (Count VI) for failure to exhaust. Defendant argues that this claim is simply a dressed-up IDEA claim, and that plaintiffs must therefore exhaust their administrative remedies prior to bringing it. A plaintiff must "exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit seeks relief that is also available under the IDEA." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 165 (2017) (cleaned up); *see also* 20 U.S.C. § 1415(l). To determine whether a plaintiff's suit seeks relief that is also available under the IDEA, courts look to the "gravamen of the suit" to determine whether the "substance [of the claim] is the denial of a [free] appropriate education." *Id.* 173 n. 10. And "a court may consider that a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute—thus starting to exhaust the Act's remedies before switching midstream." *Id.* at 173. Courts may also consider two hypothetical questions when deciding whether the gravamen of the complaint is the denial of a FAPE: whether the plaintiff could have brought the same claim if it was not against a school and whether an adult at the school could bring the same or essentially the same claim. *Z.W. by & through Warner v. Horry Cnty. Sch. Dist.*, 68 F.4th 915, 920 (4th Cir. 2023) (quoting *Fry*, 580 U.S. at 171). The IDEA's exhaustion requirement is not jurisdictional but is a mandatory claims processing rule which must be followed if raised. *K.I. v. Durham Pub. Sch. Bd. of Educ.*, 54 F.4th 779, 791-92 (4th Cir. 2022).

Here, plaintiffs have twice invoked the IDEA's formal procedures to handle their dispute with defendant. Plaintiffs' amended complaint claims that defendant has violated the ADA and Section 504 by intentionally excluding S.D. and denying him the benefits of its services, programs, and activities; by refusing to consider evidence-based research related to S.D.'s education; and failing to provide him with credit as provided for in S.D.'s IEP. Claims regarding the defendant's

9

services, programs, and activities could not be brought by plaintiff against an entity other than a school, and their claims related to S.D.'s IEP and his exclusion from the general education classroom are directly tied to the denial of a FAPE. Moreover, an adult at the school could not bring the same claims against defendant as they arise directly from S.D.'s IEP, his inclusion in the general education classroom, and his educational support services. Having considered the allegations in plaintiffs' discrimination claim, the Court finds that the gravamen of this claim is the denial of a FAPE.

However, and importantly, the IDEA's exhaustion requirement does not foreclose a claim for compensatory damages, "a remedy everyone [] agrees IDEA cannot supply." *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147 (2023). Accordingly, and to the extent plaintiffs seek compensatory damages for their Section 504 and ADA discrimination claim, plaintiffs were not required to exhaust. To the extent that plaintiffs seek equitable and injunctive relief on this claim, however, it is dismissed for failure to exhaust because the gravamen of their Section 504 and ADA discrimination claim is the denial of a FAPE. *See Alexander v. Prince George's Cnty. Bd. of Educ.*, No. 8:24-CV-03770-JRR, 2025 WL 2467643, at *5-6 (D. Md. Aug. 27, 2025); *C.A. by C.A. v. Bd. of Directors of Corvian Cmty. Sch.*, No. 322CV00035RJCDCK, 2023 WL 5747149, at *6 (W.D.N.C. Sept. 6, 2023).

### (2) *Failure to state a claim*

Defendant has also moved to dismiss these claims for failure to state a claim.

To state a claim for retaliation in the education context, a plaintiff must plausibly allege "(1) that he engaged in protected activity, (2) that the Board took an adverse action against him, and (3) that the adverse action was causally connected to his protected activity." *S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cnty.*, 819 F.3d 69, 78 (4th Cir. 2016); *see also id.* at 78 n.6 (ADA and

10

Case 4:24-cv-00173-BO-RJ   Document 34   Filed 10/24/25   Page 10 of 13

Section 504 retaliation claims are subject to same standards). Plaintiffs have alleged they engaged in protected activity by filing a due process action under the IDEA in February 2023 and in August 2024. [DE 16] ¶ 169. An adverse action must be materially adverse, and thus one which may dissuade someone from engaging in protected activity. *Id.* at 78. To satisfy the causation requirement, temporal proximity is sufficient at the prima facie stage. *Id.* at 79.

Plaintiffs have plausibly alleged materially adverse actions by defendant, including refusing to provide appropriate behavioral support to S.D. and intentionally violating the 2023 settlement agreement. Plaintiffs have further sufficiently alleged temporal proximity at this early stage, as they allege that the retaliation began within days of the 2023 settlement agreement and continued until after the filing of the 2024 due process petition. In sum, plaintiffs have plausibly alleged their Section 504 and ADA retaliation claim.

Plaintiffs' amended complaint claims that defendant has violated the Section 504 and the ADA and discriminated against them by intentionally excluding S.D. and denying him the benefits of its services, programs, and activities; by refusing to consider evidence-based research related to S.D.'s education; and failing to provide him with credit as provided for in S.D.'s IEP.

In its motion to dismiss the discrimination claim, defendant argues that plaintiffs have failed to plausibly allege any bad faith or gross misjudgment, in reliance on *Sellers v. School Board of City of Manassas, Va.*, 141 F.3d 524, 529 (4th Cir. 1998). At the hearing before the undersigned, defendant acknowledged the Supreme Court's decision in *A. J. T. by & through A. T. v. Osseo Area Schools, Independent School District No. 279*, 605 U.S. 335 (2025), which was handed down after briefing on the instant motion concluded. In *A.J.T.*, the Supreme Court removed the requirement that plaintiffs alleging discrimination in educational services must meet a more demanding showing by demonstrating that administrators acted with gross misjudgment or bad

11

faith. *Id.* at 345. Defendant argued at the hearing that plaintiffs' allegations fail even using the lower standard announced in *A.J.T.* [DE 33] at 23.

Under both Section 504 and the ADA, to state a claim for discrimination a plaintiff must plausibly allege that he has a disability, that he is otherwise qualified for the benefit in question, and that he was excluded from or denied the benefit or otherwise subjected to discrimination because of his disability. *See* 9 U.S.C. § 794(a); 42 U.S.C. § 12132; *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999); *see also id.*, 192 F.3d at 468 (Section 504 and ADA construed to impose same requirements). Plaintiffs have plausibly alleged that S.D. is a student with a disability and that he is otherwise qualified for benefits. Plaintiffs' allegations of discrimination are sufficient under the standard announced in *A.J.T.*, and this claim will proceed insofar as plaintiffs seek compensatory damages.

**D. Stay**

As discussed above, plaintiffs' Section 504 and ADA retaliation claim, their Section 504 and ADA discrimination claim insofar as it seeks compensatory damages, and their state law claims arising from the alleged breach of the settlement agreement remain for disposition in this case. However, the Court recognizes the concerns raised by defendant in its motion to expedite, namely that the stay imposed in the OAH on the basis of this suit is working to the disadvantage of both S.D. and defendant. Whatever the merits of defendant's arguments about any disadvantage to S.D., the Court agrees that the existence of this case should not prevent the OAH from proceeding to determine what the appropriate current placement is for S.D. given the length of time that has elapsed and the ongoing progression of the 2025-2026 school year. Plaintiffs have, as they are entitled to do, elected to proceed in two forums, but the Court is nonetheless mindful that the IDEA's goal is that "disputes should be resolved quickly to ensure that disabled children

receive their statutorily guaranteed free appropriate public education while they can most benefit from it." *C.M. ex rel. J.M. v. Bd. of Educ. of Henderson Cnty.*, 241 F.3d 374, 380 (4th Cir. 2001). The Court will therefore impose a brief stay of this action so that OAH proceedings may be conducted to determine the current, appropriate placement for S.D.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss the amended complaint [DE 21] is GRANTED IN PART and DENIED IN PART. Counts I and IV are DISMISSED for lack of subject matter jurisdiction. Counts II, III, V, and VI shall proceed in accordance with the foregoing.

This action is hereby STAYED for a period of ninety (90) days from the date of entry of this order. The parties shall jointly notify the Court at the close of the ninety-day period as to the status of the OAH proceedings and indicate whether any additional stay is warranted.

The motion to expedite [DE 25] is DENIED as moot.

SO ORDERED, this 24 day of October 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE